# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    v.                                  CRIMINAL NO. 2011-10110-DPW

BERNARD ROBINSON,
      Defendant.

## *MEMORANDUM AND ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

    Bernard Robinson ("the defendant") appeared for a detention hearing on April 25, 2011. He is charged in Count II of the Indictment with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). This offense is within the category of "...an offense described in 18 U.S.C. § 3142(f)(1)(C)."

    The purpose of a detention hearing is as stated in the statute - i.e., "...to

determine whether any condition or combination of conditions...[of release] will reasonably assure the appearance of such person as required and the safety of any other person and the community...". Title 18 U.S.C. § 3142(f). It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. The statute provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.)...

18 U.S.C. § 3142(e)(3)(A)(emphasis supplied).

The defendant is charged in the Indictment with a violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) which carries a maximum sentence of ten years or more of imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if I find that there is probable cause to believe that the defendant committed the offense charged in the Indictment. Although this

presumption does not shift the burden of persuasion to the defendant, it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight. *United States v. Jessup,* 757 F.2d 378, 384 (1 Cir., 1985) (*abrogated on other grounds by United States v. O'Brien,* 895 F.2d 810, 814 (1 Cir., 1990)); *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987)(*per curiam*).

The first issue then is whether there is probable cause to believe that the defendant committed the offense with which he is charged. The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation. *United States v. Vargas,* 804 F.2d 157, 163 (1 Cir., 1986).

The second issue is whether the defendant has met his burden of production. As the First Circuit has stated, "the presumption serves to shift the burden of production and to **require** that the defendant introduce **'some evidence'** to the contrary." *O'Brien,* 895 F.2d at 815 (quoting *Jessup,* 757 F.2d

at 381) (emphasis added). So the next issue is whether the defendant in the instant case has met his burden of production.

At the hearing, the defendant proceeded by way of proffer by counsel. The sum and substance of the proffer was the suggestion that the defendant be released on electronic monitoring in the third-party custody of his mother to live at her home as he had in the past at 80 Williams Avenue in Lynn, Massachusetts. Pre-Trial Services had interviewed the mother, and she was willing to act in that capacity. Further, defendant's counsel asserted that both the mother and sister were in the courtroom ready to be put forward as third-party custodians.[1] In these circumstances, the Court rules that the defendant has met his burden of production.

The burden then rests with the Government to establish that there is no condition or combination of conditions which will reasonably assure the defendant's presence and the safety of other persons and the community. The Government seeks the defendant's detention on the grounds of both danger and flight. However, the Government made a tactical decision at the detention

---

[1] These facts distinguish the instant case from the case of *United States v. Close,* 550 F. Supp.2d 185, 188 (D. Mass., 2008) in which the Court held that defendant's counsel "...merely suggesting, without more, that the defendant should be released on electronic monitoring in the custody of his mother is not sufficient to meet the burden of production of *evidence* which the presumption, as interpreted in the *Jessup* case, placed on the defendant." (Emphasis in original)(footnote omitted).

hearing which, in effect, bars any detention of the defendant on dangerousness grounds.

That decision was to offer no evidence but instead to proceed by "proffer." Although the statute, 18 U.S.C. § 3142(f), allows the defendant to "present information by proffer or otherwise," there is no provision permitting the Government to do the same but neither is there a prohibition against the Government going this route. In the instant case, counsel for the defendant did not object to the Government proceeding by way of proffer so the Court allowed it.

The problem for the Government when it seeks detention of a defendant on dangerousness grounds and then proceeds only by way of proffer is a provision in the statute, 18 U.S.C. § 3142(f), which reads that "[t]he facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported *by clear and convincing evidence*." (emphasis supplied). *See United States v. Mantecon-Zayas,* 949 F.2d 548, 551 (1 Cir., 1991). If the Government offers no evidence but merely proffers information, how can a Court's finding as to dangerousness ever be

5

supported in the manner mandated by the statute?[2]

The major "facts" which the Government proferred on the issue of dangerousness were that the defendant is charged with selling crack cocaine and that the sale occurred at the mother's home at 80 Williams Avenue. Neither has been supported by clear and convincing evidence. The charge at this point is supported by no more than the Grand Jury's finding of probable cause. And the statement as to the precise address at which the crime occurred is supported by nothing more than the Assistant U.S. Attorney's statement to that effect since the Indictment only states that the crime occurred "at Lynn." Further, in the absence of any evidence as to the actual commission of prior crimes, the mere fact of prior arrests not yet having led to convictions would be supported at most by probable cause.[3] One court has made the same point respecting convictions, *see United States v. Cruz,* 363 F. Supp.2d 40, 43-46 (D.P.R., 2005), but convictions are different. If it is clear from the charge what the criminal

---

[2] Perhaps this is the reason why the statute does not have a provision allowing the Government to proceed by proffer.

[3] This is not to say that hearsay evidence is inadmissible at such hearings; it clearly is. But hearsay evidence is at least "evidence." Hearsay evidence, although admissible, can pose problems *vis-a-vis* the requirement for clear and convincing evidence since the Court might not give it such weight as would be necessary to support a factual finding by that quantum of proof. *See United States v. Cruz,* 363 F. Supp.2d 40, 45-46 (D.P.R., 2005).

conduct was, such as a conviction for first degree murder, or armed assault, or rape, it has been proven beyond a reasonable doubt that the person engaged in that conduct. This would plainly meet the clear and convincing evidence test.[4]

Accordingly, I find that the Government has failed to present clear and convincing evidence of the facts upon which the Court could base a finding that there is no condition or combination of conditions which would reasonably assure that the defendant would not be a danger to any other person or the community if released. The defendant will not be detained on dangerous grounds.

The next issue is whether there are conditions or a combination of conditions of release which will reasonably assure the defendant's appearance. I find that there are although the conditions which will be imposed will be fine-tuned at a further hearing. The defendant has not defaulted in the state court since 2006 and, in fact, was arrested in the instant case when he appeared in state court. All of his roots are in the Lynn community, and it does not appear that he would have the means to flee or a place to go if he did flee.

---

[4] The problem in the *Cruz* case was the conviction was for involuntary manslaughter which had been reduced from a homicide and the underlying facts were unclear. *Cruz,* 363 F. Supp. 2d at 43-44. There was some indication that the case involved death by use of a vehicle. *Id.* at 46.

Accordingly, it is ORDERED that the Government's motion to detain the defendant be, and the same hereby is, DENIED. A hearing on Conditions of Release is set for ***Thursday, May 12, 2011 at 11:30 A.M.*** <u>***The defendant's mother and sister must be present.***</u>

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

May 9, 2011.